ELKHART COMMUNITY SCHOOLS,
Appellant–Defendant,

v.

Anthony A. YODER and Joanna Yoder,
Parents of N. Allison Yoder, deceased,
Arlene J. Fisher, Gary Fisher, and Teri
K. Fisher, Individually and as parents of
Arlene J. Fisher, Appellee–Plaintiffs.

No. 20A05–9705–CV–173.

Court of Appeals of Indiana.

June 5, 1998.

Michael J. Stapleton, Cheryl M. Knodle, Ball, Eggleston, Bumbleburg, McBride, Stapleton & Walkey, P.C., Lafayette, for Appellant–Defendant.

John D. Ulmer, Bodie J. Stegelmann, Yoder, Ainlay, Ulmer & Buckingham, Goshen, for Appellees–Plaintiffs.

## OPINION

RATLIFF, Senior Judge.

Elkhart Community Schools (the School) appeals judgments against it, entered after a jury trial, in favor of Arlene Fisher (Arlene), Gary and Teri Fisher (Fishers), and Anthony and JoAnna Yoder (Yoders). The School raises four issues, which we restate as:

1. Whether the School's assertion that two jury instructions were improper was preserved for review, when the School's objection was not stated verbatim in its brief and when its objection at trial was that the instructions did not correctly state the law and were not supported by the facts?

2. Whether the jury verdicts against the School were supported by the evidence?

3. Whether the trial court abused its discretion in declining to bifurcate the damages and liability issues at trial?

4. Whether the trial court properly denied the School's Motion to Correct Error based on newly discovered evidence when the evidence consists of a statement by a firefighter-EMT who was listed on the police report as one of the emergency personnel dispatched to the scene and who was still employed by the fire department when the case was tried?

Fishers raise an additional issue, whether the trial court improperly entered judgment for Fishers in the total amount of $300,000.00 when the jury had returned a verdict for Fishers in the amount of $450,000.00 but the Indiana Tort Claims Act limits recovery for personal injury to one person to $300,000.00?

We affirm.

## FACTS [1]

On May 14, 1993, a fifteen passenger school van carrying eight students from Goshen High School to Elkhart Memorial High School was involved in a collision in Elkhart. The Fishers' daughter Arlene and the Yoders' daughter Allison were passengers in the van. Allison was killed and Arlene was rendered a quadriplegic. The van was equipped with seat belts, but the student passengers were not wearing them because the students either could not find the belts, could not figure out how to operate them, or found the belts to be inoperable.

## THE JURY INSTRUCTIONS

On appeal, the School challenges two of the instructions given the jury. The School asserts that instruction number 14 is defective because "it imposes liability on the school without any act of omission or commission that may have resulted in a non-working seat belt," Brief of Appellant at 12, and because it would allow a finding of negligence on the part of the School even if the School had no notice of a non-functional seat belt.

Final instruction number 14 stated:

If you find that the seat belts in the Elkhart Community School Corporation van were not in proper working order or could not reasonably be used by the students being transported in said van, then you may find that such failure constituted negligence on the part of Elkhart Community School Corporation.

R. at 1302.

The School next asserts that final instruction number 27 was defective because it created an assumed duty on the part of the school. That instruction stated:

A duty may be imposed upon a defendant who by affirmative conduct assumes a duty to exercise care and skill, even voluntarily, for the safety of another. The assumption of a duty creates a special re-

1. That portion of the School's Statement of Facts which is relevant to the issues it raises on appeal consists primarily of a witness-by witness summary of the testimony at trial. The Statement of Facts does not comply with our rules, which require a narrative and fair statement of the facts devoid of argument, and not a summary of the testimony of each witness. *Dettman v. Sumner,* 474 N.E.2d 100, 102 n. 1 (Ind.Ct.App.1985). The School's Statement of the Case is also defective in that it does not include a verbatim statement of the trial court's judgment as required by Ind. Appellate Rule 8.3(A)(4).

lationship between the parties and a corresponding duty on the part of the defendant to act in a manner of a reasonably prudent person in providing the safety measure.

Elkhart Community School Corporation assumed the duty to provide passengers in its vans with operational, proper seat belts by providing rear seat passengers in its vans with seat belts and by regularly maintaining, servicing, and inspecting the seat belts. If you find that Elkhart Community School Corporation failed to provide properly working seat belts or ones that could not reasonably be used by the students being transported in said van, then you may find such failure constitutes negligence on the part of the defendant Elkhart Community School Corporation.

R. at 1314.

When error is predicated upon the giving of an instruction, our rules require that the instruction be set out verbatim in the argument section of the brief along with the verbatim objection that was made to the instruction. Ind. Appellate Rule 8.3(A)(7). Failure to state the instruction and objection verbatim waives the allegation of error. *Thrapp v. Austin,* 436 N.E.2d 1170, 1175 (Ind.Ct.App.1982).

While the School does state verbatim both challenged instructions in the argument section of its brief, it does not set out verbatim its objections to the instructions, nor does it direct us to that place in the nearly 1500–page record where its objection may be found.[2] The School has thus waived this allegation of error.

We further note that Ind. Trial Rule 51(C) requires that a party who claims as error the giving of an instruction must state "distinctly" the grounds of the objection. The purpose of T.R. 51(C) is to protect the trial court from inadvertent error, so an objection to an instruction must be sufficiently specific to make the trial judge aware of the alleged error before he or she reads the instruction to the jury. *Terre Haute Regional Hosp., Inc. v. El–Issa,* 470 N.E.2d 1371, 1376 (Ind.Ct.App.1984). Failure to comply with the requirements of T.R. 51(C), like failure to comply with App.R. 8.3(A)(7), results in the waiver of any error in the giving of the instruction. *Id.* An objection that the instruction is not a correct statement of law is not sufficiently specific and is inadequate. *Carrier Agency v. Top Quality Bldg. Prod.,* 519 N.E.2d 739, 744 (Ind.Ct.App.1988). The School has waived any error arising from the trial court's instructions to the jury.

The School has not preserved for our review its allegations of error regarding the jury instructions. So, we must leave for another day the question whether a school which purchases a van equipped with seat belts for the rear seat passengers even though such seat belts are not required by law, and which inspects, maintains, and services the seat belts, has assumed a duty to make functional seat belts available to the rear seat passengers.

### SUFFICIENCY OF THE EVIDENCE

The School contends there was insufficient evidence to support the jury's determination that the School was negligent and that neither victim was contributorily negligent.[3] When we review a claim of insufficient evidence, we do not reweigh the evidence or judge the credibility of the witnesses. We consider only the evidence and the reasonable inferences from the evidence which support the jury's verdict. *Hardsaw v. Courtney,* 665 N.E.2d 603, 606 (Ind.Ct. App.1996). Where the jury returns a verdict for the plaintiff in a civil action, and the trial court enters judgment on the verdict, we will not reverse unless there is no evidence or reasonable inference from the evidence on an essential element of the plaintiff's case. *Id.*

2. The only objection revealed by our independent search of the record is an entry on the court's Minute Sheet which states "Defendant objects to final instructions #27 and 14 as being incorrect statements of the law & not supported by facts." R. at 1315.

3. The School had the burden at trial of proving contributory negligence on the part of the victims. *See Sheptak v. Davis,* 246 Ind. 499, 504, 205 N.E.2d 548, 551 (1965).

Negligence may be proved by direct or circumstantial evidence. *Richter v. Klink Trucking, Inc.,* 599 N.E.2d 223, 227 (Ind.Ct.App.1992). When items of circumstantial evidence are relied upon to raise an inference of negligence, they must be of such significance and relationship to one another that a reasonable conclusion of negligence can be founded thereon. *Id.* In *Richter,* the plaintiff argued that debris which had fallen from a Klink truck was the proximate cause of an accident. Based on evidence that Klink had hauled over 30 loads of dirt and gravel on the day of the accident, that dirt and gravel were sometimes spilled on the highway when the trucks were loaded, and that Klink's trucks were equipped with shovels to clean up spilled dirt and gravel, we determined that the plaintiffs had raised a reasonable inference Klink was responsible for the hazardous condition of the roadway. *Id.* at 226.

With regard to the Yoder claim, the jury received evidence that Allison was thrown from the van in the collision; that Allison habitually used her seat belt when in a motor vehicle; and that other seat belts in the van were unavailable for use or not in working order. We cannot say that the inferences supporting the jury's conclusion that Allison's seat was not equipped with working seat belts were unreasonable.[4]

With regard to the Fisher claim, the jury received evidence that there was a buckle at Arlene's right hip, a buckle attached to the ceiling, and a belt above and behind her left shoulder, but that Arlene couldn't figure out how to use the belt. Another student passenger tried to buckle a shoulder strap into a buckle on the seat, but could not connect the strap to the buckle. We cannot say the jury was unreasonable when it determined that Arlene's seat was not equipped with working belts. The reasonable inferences drawn by the jury from the direct and circumstantial evidence before it were sufficient to support the jury's finding that the School was negligent.

## MOTION TO BIFURCATE

The trial court is granted a wide degree of latitude in exercising its proper discretion in granting a motion for separation of trials, and we will reverse the denial only for an abuse of that discretion. *Farm Bureau Mutual Insurance Co. v. Dercach,* 450 N.E.2d 537, 540 (Ind.Ct.App.1983); Ind. Trial Rule 42(B). The court balances the interests of convenience and economy against the likelihood of substantial prejudice to the defendant's case. If practicable, one trial is preferred. *Id.* While the avoidance of prejudice is a more than sufficient reason for a separate trial, a separate trial should not be granted solely upon the moving party's speculation that it might be prejudiced by certain testimony. *Frito–Lay, Inc. v. Cloud,* 569 N.E.2d 983, 990 (Ind.Ct.App.1991).

In *Frito–Lay,* we found the trial court abused its discretion in denying bifurcation of the liability and damages issues. There, the jury was "inundated" with evidence that created sympathy for the gravely disabled victim and may have prejudiced the verdict on the liability issue. Before trial, the court denied the motion for separation because the plaintiff alleged that the issues concerning the cause of the accident and the injuries suffered by the victim were intertwined. However, the plaintiff presented no evidence during the trial to show the cause of the accident through the injuries, and we found that Frito–Lay's defense on the issue of liability was "very strong." *Id.* at 991. Therefore, because we were reversing on other issues, we did not hesitate to find an abuse of discretion in the denial of the motion for

---

4. The School asserts, without explanation or citation to authority, that the inference that Allison's safety belt was missing or not working leads to the "inescapable conclusion" that Allison was contributorily negligent. Brief of Appellant at 16. If Allison wanted to use a seat belt but could not, the School argues, she was obliged to ask for help or move to another seat. Because the school does not provide authority in support of its suggestion that Allison's failure to act constitutes contributory negligence, we are unable to review that assertion of error. App.R. 8.3(A)(7). We further note that our supreme court has declined to adopt the so-called "seat belt defense," so an accident victim's failure to fasten a safety belt is not seen as a basis for limiting a plaintiff's recovery on the theory the plaintiff failed to mitigate his or her damages following the tort. *State v. Ingram,* 427 N.E.2d 444, 448 (Ind.1981).

separation. *Id.* at 991. We noted, however, that "[h]ad we not been required to reverse this case, we would be extremely reluctant to invade the province of the trial court's discretion on the issue of bifurcation." *Id.*

■ The case before us does not permit such an invasion of the trial court's province. The School has demonstrated no independent grounds for reversal, nor has it demonstrated a defense on the liability issue as strong as that of Frito–Lay, where the victim failed to yield to the Frito–Lay truck when the truck was traveling on a preferred highway. We also note that the issues of damages and liability are far more intertwined in this case than they were in *Frito–Lay.* The basis for the School's liability—the breach of its duty to provide functional seat belts—is directly related to the nature and severity of the victims' injuries. We cannot say the trial court abused its discretion when it declined to bifurcate the trials on the damages and liability issues.

### NEWLY DISCOVERED EVIDENCE

The School moved for a new trial based on a sworn statement by a firefighter who was present at the accident scene. The firefighter stated that he helped remove Arlene from the van after the collision, and that Arlene was restrained by a seat belt at that time. Arlene had testified at trial that she found no seat belts available for her to use in her seat. The firefighter was listed on the police report as one of the emergency personnel present at the accident scene, and he was still employed by the fire department at the time of the trial. Thus, the School was aware of the firefighter as a potential witness, and the firefighter was available to the School as a witness prior to trial.

■ The decision to grant or deny a new trial rests within the trial court's discretion, and we will not overturn the trial court's decision unless there was an abuse of that discretion. *Chupp v. State,* 509 N.E.2d 835, 837 (Ind.1987). When a new trial is sought based on newly-discovered evidence, the appellant must show, among other things, that the evidence could not have been discovered before the trial by the exercise of due diligence. *Mikesell v. Mikesell,* 432 N.E.2d 55,

57 (Ind.Ct.App.1982). A bare assertion that reasonable diligence has been used is insufficient to show due diligence; the appellant must set out facts showing due diligence has been exercised. *Id.*

■ The School offers the circular argument that the evidence could not have been discovered before trial because there was nothing to contradict Arlene's pre-trial statements about the unavailability of a working seat belt. Thus, the School argues, the matter was "a non-issue through the entire proceedings." Brief of Appellant at 22. However, the School does not explain why that lack of evidence prevented it from discovering the contradictory evidence that did exist.

■ We have long recognized that a litigant is obliged "to search for evidence in the place where, from the nature of the controversy, it would be most likely to be found." *Chicago and E.I.R. Co. v. McKeehan,* 5 Ind. App. 124, 127, 31 N.E. 831, 832 (1892). There, a motion for new trial was properly denied where the appellant had failed to interview the two residents of a house in plain view of a railroad crossing where an accident took place. We determined the appellant was not sufficiently diligent even though the witnesses had agreed with each other to conceal from the appellant the information they had. *Id.*

■ Similarly, the School has failed to search for evidence in the place where, from the nature of the controversy, it is most likely to be found—here, the emergency personnel that were known to be present at the accident scene. We cannot say that the trial court abused its discretion when it denied the School's motion for a new trial based on newly discovered evidence.

### LIMITS OF DAMAGES UNDER TORT CLAIMS ACT

The jury awarded a verdict for Arlene's parents, Gary and Teri Fisher, in the amount of $450,000.00. The trial court entered judgment for Gary and Teri Fisher in the total amount of $300,000, which is the limit of liability for injury to a person under the Indiana Tort Claims Act. Gary and Teri

assert that they are each injured persons, thus each is entitled to recover up to a maximum amount of $300,000.

Indiana Code section 34–4–16.5–4 states in pertinent part:

> The combined aggregate liability of all governmental entities ... does not exceed three hundred thousand dollars [$300,000] for injury to or death of one [1] person in any one [1] occurrence....

 A wrongful act by which a minor child is injured gives rise to two causes of action: one in favor of the injured child for personal injuries, and the other in favor of a parent for loss of services. *State v. Eaton*, 659 N.E.2d 232, 237 (Ind.Ct.App.1995). Because the parent's claim is a separate injury, it gives rise to a separate right of recovery. *Id.* The cause of action in favor of the child is one for personal injury, while the cause of action to the parent is one for property damage. *Id.*

 Thus, in analyzing the effect of the Tort Claims Act limitation of liability, it is necessary to determine whether there are separate causes of action for each plaintiff seeking to recover separately up to the statutory limit. The limitation cannot be invoked for the benefit of each plaintiff found to be a "person" under the Act without regard for whether his or her claim is separate from others in the action. 57 Am.Jur.2d *Municipal, County, School and State Tort Liability* § 685 (1988).

 An action for the injury or death of a child may be brought by both parents jointly, as it was in this case, or it may be brought by either parent naming the other parent as a co-defendant to answer as to his or her own interests. Ind.Code § 34–1–1–8. The damages recoverable under the statute are limited to pecuniary damages such as medical expenses, the value of the child's services which have been lost, and the loss of the love and companionship of the child. *Myers v. County of Lake, Indiana*, 30 F.3d 847, 853 (7th Cir.1994).

 So, in a situation like the one before us here, where an undivided joint verdict is awarded to both parents of the victim, we believe the parents have suffered a single injury, regardless of whether each parent is a separate "person." We cannot say the trial court erred when it reduced the award of $450,000 to Gary and Teri to the $300,000 limit permitted by the Tort Claims Act.

## CONCLUSION

The School waived its objections to the jury instructions it challenged; the jury verdict was supported by the evidence and reasonable inferences arising from the evidence; the trial court did not abuse its discretion in declining to bifurcate the damages and liability issues at trial and by declining to grant a new trial based on newly-discovered evidence; and the Fishers were limited to a joint recovery of $300,000 under the Tort Claims Act because both parents suffered the same damage from the injury to their child. The trial court is affirmed in all respects.

SHARPNACK, C.J., and GARRARD, J., concur.