Ralph STOTT, Appellant–Plaintiff,

v.

Julia E. STOTT, Appellee–Defendant.

No. 84A01–9909–CV–305.

Court of Appeals of Indiana.

Nov. 8, 2000.

Eric A. Frey, Frey Law Firm, Terre Haute, Indiana, Attorney for Appellant.

Elizabeth A. Lewis, Scott Craig, Cox, Zwerner, Gambill & Sullivan, Terre Haute, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, Ralph Stott, appeals from the trial court's order requiring him to pay all of his child's funeral and burial expenses under I.C. 31–14–11–17 (Burns Code Ed. Repl.1997). The minor child had died in an automobile accident. Ralph presents several arguments, which we consolidate and restate as whether the trial court abused its discretion by declining to consider whether the settlement proceeds, the mother and custodial parent of the minor child received as a result of an unrelated automobile accident in which the child was injured, should have been applied to the costs of the child's funeral and burial.

We affirm.

Ralph and Julia's marriage was dissolved in October 1993. Pursuant to the dissolution decree, Julia was awarded sole custody of the parties' twelve-year-old child. Ralph was awarded visitation and ordered to pay child support. Ralph was also ordered to "maintain any life insurance coverage which he currently has on the minor child." Record at 32.

Subsequently, the child was involved in an automobile accident and sustained personal injuries. Thereafter, the child was involved in another automobile accident and died from her injuries. Ralph received $10,000 from the life insurance policy. A memorial fund was established at the local bank and accumulated $1,479.

Julia arranged for the funeral to take place in Terre Haute, Indiana, and for the burial to occur in Marshall, Illinois, where some of Julia's family members were buried. Julia also purchased a gravestone. The expenses totaled $7,308.80. On January 27, 1998, Julia received notice from the funeral home that she had thirty days to pay the balance on her account. Julia paid the balance in full.

On March 8, 1999, Julia filed a motion to compel Ralph to pay the child's funeral and burial expenses pursuant to I.C. 31–14–11–17. A hearing was scheduled for June 16, 1999. Sometime before the hearing, Julia entered into a settlement with regard to the prior unrelated automobile accident and received $5,000. On the day of the hearing, Ralph learned about the personal injury settlement. Consequently, during the hearing, both Ralph's attorney, as well as the trial court, questioned Julia about the settlement proceeds and the nature of the claim. The following colloquy occurred:

Court: ... What happened to the $5,000?

Julia: I've got it right now. We've opened a library. It's for the children's reading——called CARE. It's a tribute for Jessica. It's her money....

Court: And there was a balance of $5,000 benefits?

Julia: Right.

Court: Who was it paid to?

Julia: It was paid to me because [the child is] deceased.

Attorney: Is there an estate pending? Do you know if there's—

Julia: No. John Himes said there's no estate.

Attorney: So Mr. Himes handled it as a parent's claim that is still pending for a parent rather than an estate that

it succeeded to, is that ·what you're telling us?

Julia: I'm not sure of the legal—

* * *

Court: W[ere] there any bills that had to be paid out of the $5,000

Julia: Yes.

Court: What had to be paid out of the $5,000?

Julia: Her—And they're all just medical bills. Just all the bills. We acquired physical therapy bills. All the bills we acquired. Her attorney bills.

Court: So what was the net amount you received?

Julia: Like $3,000 in the end. He [the attorney] donated his fees to our library at school.

Record at 107–108. At the conclusion of the hearing, the trial court entered an order requiring Ralph to pay $5,829.80 in funeral expenses, the difference between the total amount of the funeral and burial expenses and the money from the memorial fund.

■ Thereafter, Ralph filed a motion to correct error pursuant to Trial Rule 59(A)(1), claiming that he should have received a credit in the amount of the settlement proceeds. Because Ralph lacked information on whether the settlement compensated Julia for loss of services or the child for personal injuries, he presented alternative claims as to why he was entitled to a credit.[1] He first asserted that if the settlement proceeds compensated Julia as custodial parent for loss of services, he might have been entitled to notice of and to share in the settlement under I.C. 34–23–2–1, although he conceded that resolution of the issue was un-

clear under the law.[2] In the alternative, Ralph asserted that if the settlement proceeds were meant to compensate the child for her injuries, then the child's claim passed to the personal representative upon the child's death and the settlement proceeds inured to the benefit of her estate under I.C. 34–9–3–4. He also informed the trial court, via his motion, that he had requested the settlement documents, which he characterized as newly discovered evidence, to determine the nature of the claim. Finally, Ralph contended that the trial court's order should be set aside until he was able to examine the personal injury settlement documents and the court was able to determine whether he was entitled to a credit from the settlement proceeds. The trial court denied his motion and Ralph now appeals.

■ Initially, we address what aspect of the trial court's decision Ralph is challenging and the appropriate standard of review. Ralph's brief is dedicated to explaining why he was entitled to a credit in the amount Julia received from the unrelated personal injury settlement. In support of his claim, Ralph sets forth the same contentions he presented in the motion to correct error. Specifically, Ralph contends that if the settlement proceeds were meant to compensate Julia for loss of the child's services, then under I.C. 34–23–2–1(b)(2) he, as the non-custodial parent, was entitled to notice of, to be ·involved in, and to share in the recovery of the funds. In the alternative, Ralph contends that if the settlement represented compensation for the child's injuries, then the child's claim passed to Julia as the child's personal representative upon the child's death, and the settlement proceeds inured to the

---

1. Presumably, Ralph presents alternative arguments because a wrongful act, which causes injury to a child, results in two causes of action—"one in favor of the injured child for personal injuries, and the other in favor of a parent for loss of services." *Elkhart Community Schools v. Yoder* (1998) Ind.App., 696 N.E.2d 409, 416.

2. Specifically, Ralph claimed, "it is unclear under Indiana law if the non-custodial parent is entitled to notice and a right to participate in [an action to recover damages for a parent's loss]. I.C. 34–23–2–1(b)(1) indicates that he is, but under I.C. 34–23–2–1(b)(2), it is unclear if he is required to be made a party as required by section (b)(1)." Record at 3.

benefit of the child's estate, which Julia should have opened and from which funeral and burial expenses should have been paid.

■ At first glance Ralph's argument might appear to be an indirect challenge to the trial court's decision to award Julia funeral and burial expenses under I.C. 31–14–11–17. That statute affords the trial court broad discretion to "order either or both parents to pay reasonable funeral expenses" if the child dies while a support order is in effect.[3] Considering that Ralph received $10,000 in life insurance proceeds on a policy on the child's life, it was not an abuse of discretion to require him to pay $5,829.80 in funeral and burial expenses.

Yet, for all intents and purposes, Ralph does not take issue with the trial court's decision requiring him to pay the funeral and burial expenses under I.C. 31–14–11–17. Rather, Ralph argues only that the trial court should have "reduce[d] the [amount] of the Order by the amount of recovery for the personal injuries to the minor child." Record at 4.[4] That is, Ralph argues that he was entitled to a credit to reduce the amount of funeral expenses he was ordered to pay under the statute. Because there was no evidence presented at the hearing regarding the nature of the claim which resulted in the $5,000 settlement, Ralph must be challenging the denial of his motion to correct errors in which Ralph asserted that the settlement proceeds should have been applied to "reduce" the funeral expense award.

■ We review the denial of a motion to correct error for an abuse of discretion. *Dughaish ex rel. Dughaish v. Cobb* (2000) Ind.App., 729 N.E.2d 159, 167, *trans. pending*. Ralph's motion was based upon Ind. Trial Rule 59(A)(1) which requires a party to file a motion to correct error where newly discovered evidence is alleged. *See* T.R. 59(A)(1) (stating that a motion to correct error is a prerequisite to an appeal when a party relies upon newly discovered .evidence). Newly discovered evidence "must be material, more than cumulative or impeaching, shown not to have been discoverable before trial by the exercise of due diligence, and evidence which would reasonably and probably change the outcome of the trial." *Greasel v. Troy* (1997) Ind.App., 690 N.E.2d 298, 303. *See also Laudig v. Marion County Bd. of Voters Registration* (1992) Ind.App., 585 N.E.2d 700, 712, *trans. denied*; T.R. 59(H)(1).

Although Ralph claimed his motion was based upon newly discovered evidence, the record reveals that Ralph never presented the trial court with any new evidence by way of affidavit or otherwise. That is, while Ralph asked the trial court to apply the settlement proceeds to "reduce" the funeral expense award, he never informed the court of the nature of the claim which resulted in the settlement. Thus, the trial court was never presented with "new evidence" to determine if Ralph was entitled to a credit. Consequently, even if Ralph were entitled to a credit against the funeral expense award, he failed to provide the

---

**3.** Although we were unable to locate any reported case discussing the standard for reviewing the court's decision to award funeral expenses, the language set forth in the statute closely resembles the language contained in the child support statute. That statute provides that "the court may order either parent or both parents to pay any amount reasonable for support of a child...." I.C. 31–16–6–1 (Burns Code Ed.Repl.1997). It is well settled that a trial court is afforded broad discretion in entering child support orders. *See Lea v. Lea* (1998) Ind., 691 N.E.2d 1214, 1217 (stating that trial courts are given broad discretion

in determining child support obligations). Given the similarities in the language, we conclude that the trial court's determination regarding funeral expenses is afforded broad discretion.

**4.** It is unclear whether Ralph used the phrase "personal injuries to the minor child" in a broad generic sense to merely describe the claim which was settled by Julia, or contemplated that it might have been a recovery for the child's injuries unrelated to any separate claim which Julia made or could have made.

trial court with sufficient evidence to support such a contention. For this reason, the trial court properly denied the motion. *See Laudig, supra,* 585 N.E.2d at 712 (concluding that trial court did not err by denying a motion to correct error based on newly discovered evidence where petitioner failed to introduce alleged newly discovered evidence by way of affidavit or at hearing on the motion to correct error). Furthermore, while it appears that the settlement proceeds were meant to compensate either Julia or the child or both, to address the merits of Ralph's claims on appeal, without knowing which claim resulted in the settlement, would result in an advisory opinion. *See Richardson v. Calderon* (1999) 713 N.E.2d 856, 863 (stating that this court is not permitted to issue advisory opinions on issues which were not before the trial court), *trans. denied.* In light of Ralph's failure to produce the newly discovered evidence, the only issue before the trial court was whether Ralph should be required to pay reasonable funeral expenses under I.C. 31–14–11–17. We have concluded that the trial court was acting within its discretion in doing so.

The judgment is affirmed.

BAILEY and VAIDIK, J., concur.