ATTORNEYS FOR APPELLANT STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY
Richard M. Davis
Jack A. Kramer
Kevin G. Kerr
Valparaiso, IN

Karl L. Mulvaney
Nana Quay-Smith
Candace L. Sage
Indianapolis, IN

ATTORNEY FOR APPELLANT MICHAEL CANCEL
Robert D. Brown
Merrillville, IN

ATTORNEYS FOR AMICUS CURIAE
DEFENSE TRIAL COUNSEL OF INDIANA
James D. Johnson
Max E. Fiester
Evansville, IN

ATTORNEYS FOR APPELLEE
Timothy F. Kelly
Beth L. Brown
Crown Point, IN

_____

# In the
# Indiana Supreme Court

_____

No. 45S03-0608-CV-302

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND MICHAEL
CANCEL,

*Appellants (Defendants below)*,

v.

FRANCISCO GUTIERREZ,

*Appellee (Plaintiff below).*

_____

Appeal from the Lake Circuit Court, No. 45C01-0006-CT-344
The Honorable Lorenzo Arredondo, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 45A03-0408-CV-368

_____

**Sullivan, Justice.**

A passenger in a truck insured by State Farm Insurance was injured in an accident. The passenger sued both the driver for negligence and State Farm for bad faith. We affirm the trial court's decision denying the driver's request that the claims against him be tried separately from those against State Farm. Neither prejudice to his case nor general policy considerations over-come the fact that the driver did not file his request within the deadline set by the trial court.

## Background

Gus Guerrero insured his truck with State Farm Mutual Automobile Insurance Company ("State Farm"). Guerrero allowed Michael Cancel to use the truck to transport a large dollhouse from Gary to Hammond. Francisco Gutierrez and Floyd Turner were passengers in that truck.

As they were driving, the dollhouse somehow became dislodged and fell from the truck. Cancel pulled over and Gutierrez and Turner got out of the truck to retrieve it. Cancel put the truck into reverse and began backing it up. The passenger door swung open and struck Gutierrez in the back. His injury required surgery and subsequent care with medical bills totaling $17,221.

State Farm denied Gutierrez's medical payments claim. State Farm's denial provoked Gutierrez to sue State Farm for breach of contract, breach of a duty of good faith and fair deal-ing, and punitive damages. At the same time, Gutierrez sued Cancel for negligence, likely mind-ful that the liability provision of Guerrero's policy provided coverage for bodily injury up to $100,000.

During the run-up to trial, Cancel and State Farm both filed motions to bifurcate the claims against them. Cancel's request was filed several weeks after a deadline established in the trial court's case management order; State Farm's request at issue was filed even later, only a month before trial. The trial court denied both as untimely.

The jury found in favor of Gutierrez and returned verdicts against State Farm in the amount of $17,221 for breach of contract, $350,000 for bad faith, and $500,000 in punitive damages, and against Cancel in the amount of $160,000.

The Court of Appeals reversed, holding that State Farm had been entitled to judgment on the evidence on the claim of bad faith and the request for punitive damages. State Farm Mut. Auto. Ins. Co. v. Gutierrez, 844 N.E.2d 572 (Ind. Ct. App. 2006). The Court of Appeals did affirm the judgment as to Gutierrez's breach-of-contract claim and the attendant $17,221 award. But it held that the trial court had committed reversible error when it denied Cancel's motion to bifurcate. (Judge Bailey dissented on this point.) Accordingly, the Court of Appeals remanded for a new trial on Gutierrez's negligence allegation against Cancel. Gutierrez sought, and we granted, transfer. State Farm Mut. Auto. Ins. Co. v. Gutierrez, 860 N.E.2d 588 (Ind. 2006) (table). We affirm the decision of the trial court denying Cancel's untimely motion to bifurcate, thereby reinstating the judgment of the trial court with respect to Cancel's negligence. We summarily affirm the remaining portions of the opinion of the Court of Appeals pursuant to Ind. Appellate Rule 58(A)(2).

**Discussion**

Indiana Trial Rule 42(B) provides that trial courts, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or of any separate issue or of any number of claims . . . or issues, always preserving inviolate the right of trial by jury." As the Court of Appeals has pointed out on several occasions, the rule seeks to balance "the interests of convenience and economy against the likelihood of substantial prejudice to the defendant's case." Jamrosz v. Res. Benefits, Inc., 839 N.E.2d 746, 761 (Ind. Ct. App. 2005) (citing Elkhart Cmty. Sch. v. Yoder, 696 N.E.2d 409, 414 (Ind. Ct. App. 1998)), trans. denied, 855 N.E.2d 1011 (Ind. 2006) (table).

3

A showing of prejudice is a prerequisite to establishing that a trial court erred in denying a motion for separate trials. Farm Bureau Ins. Co. v. Crabtree, 467 N.E.2d 1220, 1223 (Ind. Ct. App. 1984), trans. denied. Cancel has not met this standard.

To demonstrate prejudice, Cancel argues the following:

1.      "The jury could very easily have thought that if Gutierrez proves his claim against State Farm relating to whether he was entering or alighting from the pickup truck, that that also proves his case against Cancel. In addition, due to the focus of the breach of contract claim being the status of Gutierrez vis-à-vis the pickup truck, that diverts the jury's attention from the negligence suit and the determination of who, if anyone, was at fault for the accident."

2.      Allegations that State Farm engaged in bad faith and hence, conscious wrongdoing, "would necessarily 'rub off' onto Cancel."

3.      The insurer's claim file is admissible to establish the insurer's state of mind. "The claim file would likely have information relating to the investigation and analysis of the underlying liability claim. While such materials may be relevant to the bad faith claim, they would be prejudicial to the defense of the insured if those matters were disclosed. Further, the claim file likely contains privileged information relating to statements made by the insured to the insurer. Again, while such statements may be relevant to the bad faith claim, it would be prejudicial to the defense of the insured in the liability case."

4.      Commingling the burden of proof in a negligence claim, preponderance of the evidence, with that of a bad faith and punitive damage claim, clear and convincing evidence, "created a real risk of prejudice to both Cancel and State Farm."

5.      Informing the jury of the existence of insurance, which is necessary to the medical payments claim, is prejudicial.

(Cancel Appellant's Br. at 20-22 (emphases added).)

Cancel's enumerated argument, aside from point five (discussed infra), does not articulate instances of actual prejudice. Arguments one through four merely allege instances in the proceedings where the potential for prejudice existed. These four enumerated arguments do not allege actual prejudice, only speculate that there might have been some. This is not enough. "While the avoidance of prejudice is a more than sufficient reason for a separate trial, a separate

4

trial should not be granted solely upon the moving party's speculation that it might be prejudiced by certain testimony." Yoder, 696 N.E.2d at 414 (citing Frito-Lay, Inc. v. Cloud, 569 N.E.2d 983, 990 (Ind. Ct. App. 1991)).

In point of fact, Cancel himself refers to Gutierrez's allegations against him as "very simple," "a simple vehicular accident," and "simple and straightforward." (Cancel Appellant's Br. at 18, 19, 20.) In Cancel's words, "In order to establish a claim of negligence, Gutierrez must prove that Cancel failed to exercise reasonable care in the operation of his pickup truck and as a proximate cause thereof, Gutierrez was injured. Cancel defended against this claim asserting the contributory fault of Gutierrez in failing to close the door . . . ." (Cancel Appellant's Br. at 18 (citation omitted).)

Nothing in these facts indicates that Gutierrez was the proximate cause of his being struck by the truck or of his injuries. Even if Gutierrez did not fully close the passenger door, we see little basis for concluding that his comparative fault was more than de minimis. Cancel, after all, admittedly failed to check his blind spot to locate Gutierrez before backing up the truck. In this "simple negligence case," where there is no indication in the facts that suggests Gutierrez failed to exercise ordinary care, we find little likelihood of any prejudice from the speculative factors Cancel advances.

This leaves us with the issue Cancel raises in point five – reference to the existence of insurance. Judge Bailey addressed this concern in his dissent to the opinion of the Court of Appeals and we agree with his analysis:

> In Indiana, a person may not operate a vehicle on a public road, street, or highway unless he or she continuously maintains proof of financial responsibility. See Ind. Code §§ 9-25-4-1, 9-25-4-3, and 9-25-4-4. . . . The jurors were specifically instructed that, in deciding what or whom they believe, they should use their knowledge, experience, and common sense gained from day-to-day living. (Tr. at 1074[.]) Insurance is known by the responsible citizen to be required to operate lawfully upon our roadways. This knowledge and experience is not lost on those responsible citizens who are called upon to serve as jurors. Thus, the existence of insurance coverage, while potentially prejudicial in some cases, does not appear to have an impact on the determination of compensatory damages in this case.

Gutierrez, 844 N.E.2d at 588 (Bailey, J., dissenting).

As Jamrosz pointed out, in the balance are "the interests of convenience and economy against the likelihood of substantial prejudice to the defendant's case." 839 N.E.2d at 761 (citing Yoder, 696 N.E.2d at 414). Having found little in the way of prejudice, we turn to the interests of convenience and economy. The general rule is that, "[i]f practicable, one trial is preferred." Id. (citing Yoder, 696 N.E.2d at 414). Here, the trial court held a status conference on January 9, 2002, at which counsel for all parties was present. Cancel's lawyer announced that he intended to file a motion to bifurcate; Gutierrez's lawyer said he would oppose it. All agreed on a schedule in which Cancel would file his motion within 30 days; Gutierrez would respond within 14 days thereafter; and Cancel would reply within 10 days thereafter. This status conference also set various deadlines for discovery, dispositive motions, mediation, performing an independent medical exam, and the next status conference date. The trial court reduced these deadlines to an order issued that day, i.e., January 9. Cancel did not file his motion to bifurcate until February 26, well beyond the 30-day deadline.

It seems to us that the trial court was acting well within its purview to deny the motion on grounds of timeliness. Keeping the trains running on time is not an insignificant task. If getting the motion on file by the deadline that he himself agreed to proved problematic, Cancel could have asked for an extension of time. There is no suggestion in the record that Cancel did so. We are left with the unmistakable impression that the motion to bifurcate was simply not important enough to Cancel to get on file in accordance with the trial court's eminently reasonable case management order.

The Court of Appeals dealt with Cancel's failure to comply with the case management order deadline in a footnote, saying, "because Cancel's motion to bifurcate was filed more than two years before trial, and given the necessity for bifurcation in this case, the trial court should have granted the motion." Gutierrez, 844 N.E.2d at 580 n.3. We will deal with the issue of "necessity" infra. As to the fact that trial was still two years away, we do not see why a party should

6

not have to comply with a deadline set by the trial court simply because the trial date is far in the future.

We read the opinion of the Court of Appeals majority in this case not so much as a declaration that prejudice to Cancel outweighs the interests of "convenience and economy," but rather as a policy statement that a bad faith claim against an insurance company should never be tried with a liability claim against an insured. While there is no Indiana authority for that proposition, both the Court of Appeals and Cancel (and State Farm, for that matter) cite authority for that proposition from other jurisdictions. The concern, according to the Court of Appeals, is that the "issues underlying each cause of action are so different and the potential for prejudice and jury confusion is such that bifurcation is warranted," Id. at 579, apparently in all such situations. This is the "necessity" referenced in the preceding paragraph. That is, the Court of Appeals was of the view that the trial court was required to grant Cancel's motion, even if late, because it is a "necessity" that bad faith claims never be tried with liability claims.

We think that as a policy matter, it will often be appropriate for bad faith claims to be tried separately from liability claims. But it is not too much to ask a party that seeks bifurcation to do so on a schedule designed to permit the case to proceed to trial in an orderly fashion. Given the failure of Cancel to comply with the case management order as well as the absence of any significant amount of prejudice, we are unwilling to impose a new trial upon the trial court and the parties simply to establish this new principle.

### Conclusion

We affirm the judgment of the trial court with respect to its denial of Cancel's motion to bifurcate Gutierrez's negligence action against him from Gutierrez's breach of contract, breach of a duty of good faith and fair dealing, and punitive damages claim against State Farm. We summarily affirm the Court of Appeals on the remaining issues.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

7