The Chicago and Eastern Illinois Railroad Company *v.* McKeehan.

Filed May 13, 1892.

---

No. 570.

## The Chicago and Eastern Illinois Railroad Company *v.* McKeehan.

New Trial.—*Newly-Discovered Evidence.—Lack of Diligence.*—In an action against a railroad company for damage for the killing of animals, a new trial on the ground of newly-discovered evidence was properly refused the defendant, when the witnesses relied upon to secure a new trial lived in a situation which would have enabled them, if any one, to know of the horses being in the highway, as claimed by the defendant, and yet they were not applied to for information until after the trial, and the only reason assigned for not interviewing them being that the defendant had no reason to believe they knew anything about the case; and, further, that said parties had agreed with each other to conceal their information from the defendant, and it would have been useless to have consulted them. There was an utter lack of diligence

The Chicago and Eastern Illinois Railroad Company *v.* McKeehan.

shown. It can not be presumed, in order to relieve the defendant from the imputation of negligence, that the parties, if consulted, would have wilfully falsified respecting the occurrence.

From the Vermillion Circuit Court.

*W. H. Lyford, O. B. Gibson* and *C. W. Ward,* for appellant.

*T. N. Rice* and *J. T. Johnston,* for appellee.

CRUMPACKER, J.—McKeehan obtained a judgment against the railroad company at the March term, 1891, of the Vermillion Circuit Court, for damages for the killing of two horses, and after the final adjournment of said court for said term, the company filed its complaint for a new trial on the ground of newly-discovered evidence, under section 563, R. S. 1881. Affidavits of the newly-discovered witnesses were filed with the complaint showing the facts to which they would testify; also affidavits upon the question of diligence upon the part of the company in attempting to procure the evidence before the trial.

A demurrer to the complaint for want of facts was sustained and final judgment rendered thereon, from which the company appeals.

In the original complaint it was alleged that the horses entered upon the railroad at a point where it ought to have been securely fenced, but was not. At the trial appellee proved that he was in possession of lands lying upon both sides of and adjoining the railroad right of way, and he had his horses pasturing in a field adjoining the railroad; that they were killed at a highway crossing near the pasture field by a train of cars on appellant's road at about five o'clock A. M. on the 5th day of January, 1891. He also introduced evidence tending to prove that the fence enclosing the right of way was insecure, and the horses went over it upon the railroad, and wandered along the track some distance to a cattle-guard at a public highway crossing; that a north-bound train on appellant's road frightened the animals, and

caused them to jump over the cattle-guard into the highway, and a south-bound train, a few hours later, collided with and killed them at the crossing. Appellant's theory at the trial was, that the animals did not enter upon the railroad through the right of way fence, but they escaped from the pasture field into the highway, at a point some distance from the crossing, and wandered along the highway to the crossing where they were killed. Evidence was introduced tending to support this theory.

After the adjournment of the term of the court at which the trial was had, appellant discovered that Rufus Weese and his wife saw the horses escape from the pasture field into the highway, several hundred yards from the crossing, at about four o'clock on the evening before they were killed, and saw them grazing along the highway as late as eight o'clock on said evening. Weese was the first to discover the death of the animals, and notified appellee thereof. He lived about one hundred rods from and in plain view of the crossing, and on the opposite side of the highway from the field in which the horses were pasturing. Appellant showed by affidavits of its claim agent and a section foreman that they exercised diligence in attempting to discover evidence by visiting the location of the collision a number of times, and carefully examining the surroundings, and by interviewing every person in that vicinity they had reason to suppose knew anything about the matter. They testified to having consulted with a large number of persons, among them the road supervisor, but they did not learn the names of the persons so consulted, nor did they learn anything that would lead to the discovery of the fact that Weese and wife had possession of information relevant to the controversy.

They did not interview Weese or his wife, but gave as a reason for not so doing that they had no reason to believe those parties knew anything about the case, and further, that Weese and wife had agreed with each other to conceal their

The Chicago and Eastern Illinois Railroad Company v. McKeehan.

information from the attorneys, officers and agents of appellant, and it would have been useless to have consulted them.

Weese and wife testified in their affidavits to the fact that they agreed with each other to conceal their information from appellant, because appellee was their neighbor, and they were averse to going to court as witnesses against him, and they did so conceal such information until after the trial, when Weese informed one of appellant's servants, supposing that the case was ended.

At the original trial evidence was introduced tending to prove that the horses wandered along the highway from the direction of Weese's house to the crossing. Also, two witnesses testified on behalf of appellant, that appellee admitted to them that the horses escaped from the field into the highway, and then went upon the railroad at the crossing and were killed.

It is the duty of every litigant to be active and vigilant in preparing for the trial of his cause, and these qualities would prompt him to search for evidence in the place where, from the nature of the controversy, it would be most likely to be found.

The law treats with disfavor all attempts to re-open causes upon the ground of newly-discovered evidence, and never permits it to be done except upon a clear and unequivocal showing that the applicant was diligent in his efforts to procure the evidence for the first trial. It will be presumed that the litigant could have discovered the evidence in due time by the use of proper means, and this presumption can only be rebutted by a satisfactory showing to the contrary, particularly stating the means employed. It is not enough to allege in general terms that diligence was used. *Hines* v. *Driver*, 100 Ind. 315; *Beers* v. *Flock*, 2 Ind. App. 567.

In the case before us appellant was in quest of evidence to prove that appellee's animals went from the pasture field into the highway, and not upon the railroad. Their presence in

the highway, at a distance from the crossing, a short time before the injury, would have been a strong circumstance supporting that view. Tracks at the crossing, as shown by the testimony of appellant's witnesses at the trial, indicated that the horses had entered upon the highway in the vicinity of Weese's house. Weese lived in a situation which would enable him, if any one, to know of the horses being in the highway, and yet he was not applied to for information until after the trial. Here was an utter lack of diligence, a failure to investigate in the place where, from the nature of the surroundings, information would be most likely to be discovered.

This delinquency can not be excused upon the ground that Weese and wife had agreed to conceal their knowledge from appellant. It will not do to speculate upon what these parties might have done in the event they had been consulted, but it was appellant's plain duty to have interviewed them, and then if they had disclaimed any knowledge of the matter, appellant would not have been in ignorance through its own fault.

The agreement of Weese and wife to conceal their knowledge from appellant can only be construed to mean that they would not voluntarily disclose it. We can not presume, in order to relieve appellant from the imputation of negligence, that they would have wilfully falsified respecting the occurrence.

The judgment is affirmed.

Filed Sept. 13, 1892.