**Timothy W. HARTIG, Appellant–Defendant,**

**v.**

**Melvin J. STRATMAN and Louise Stratman, Appellees–Plaintiffs.**

No. 82A01–0105–CV–184.

Court of Appeals of Indiana.

Jan. 9, 2002.

Robert L. Burkart, Ziemer Stayman Weitzel & Shoulders, LLP, Evansville, IN, Attorney for Appellant.

Jack N. VanStone, VanStone & Kornblum, Evansville, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Timothy Hartig contends that the trial court erred in granting Melvin and Louise Stratman's Motion to Set Aside Judgment. In particular, Hartig asserts that the Stratmans were not entitled to have the judgment set aside based on newly discovered evidence because they failed to exercise due diligence in obtaining the evidence they now allege to be newly discovered. Because we find that the Stratmans did not exercise due diligence in obtaining the evidence that supported the trial court's decision to set aside the judgment in favor of Hartig prior to the summary judgment proceeding, we reverse.

### Facts and Procedural History

Hartig is the owner of real property located at 2210 East Walnut Street in Evansville, Indiana. Hartig acquired the property from its previous owner, Sean Holmes, in a cash sale. Sean Holmes, in turn, had purchased the property from John Connell. The property next door, at 2208 East Walnut Street, is owned by Melvin and Louise Stratman. At the time that Holmes purchased the 2210 East Walnut Street property from Connell, Connell and the Stratmans executed a driveway easement agreement that permitted the Stratmans to use a shared driveway that is located on both parcels of property, with the majority of the driveway being on Hartig's property. However, the Connell–Stratman driveway easement agreement was recorded outside of the chain of title.

The instant dispute began when the Stratmans filed a complaint alleging that Hartig was blocking the shared driveway and refusing to allow them to use it. The complaint further alleged that prior to Hartig's actions, the owners of both 2208 East Walnut and 2210 East Walnut Street, used said easement under a claim of right, open, notoriously, and adverse to the interest of the adjoining owner. In response, Hartig filed a motion to dismiss the Stratmans' complaint pursuant to Indiana Trial Rule 12(B)(6), which the trial court granted. The Stratmans then filed an amended

complaint alleging in substance that Hartig was trespassing upon their property. The Stratmans later filed a Second Paragraph of Amended Complaint asserting the right to use the driveway by virtue of the Connell–Stratman driveway easement agreement. Because the driveway easement agreement was recorded outside of Hartig's chain of title, Hartig filed a motion for summary judgment. The Stratmans filed a response to Hartig's motion, but they chose not to designate materials suggesting that Hartig had actual knowledge of the driveway easement agreement or to conduct any discovery to establish that Hartig possessed such knowledge. The trial court denied Hartig's motion for summary judgment.

Hartig filed an interlocutory appeal seeking a reversal of the trial court's denial of his summary judgment motion. On appeal, we held that the trial court erred in denying Hartig's motion for summary judgment with respect to the issue of the driveway easement agreement. *Hartig v. Stratman*, 729 N.E.2d 237, 241 (Ind.Ct.App.2000). Further, we found that "the summary judgment granted in favor of Hartig on the issue of the driveway easement constitutes a partial summary judgment because it does not bring to resolution all of the claims or issues involved." *Id.* Specifically, we found that the Stratmans did not abandon their trespass claim

and remanded the case to the trial court for further proceedings. *Id.* The Stratmans then filed a petition for rehearing, which we denied, asking us to limit our opinion to constructive notice since our opinion did not discuss actual notice. *Hartig v. Stratman*, No. 82A01–9910–CV–336 (Ind.Ct.App. Aug. 30, 2000) (unpublished order).

After the initial appeal and denial of rehearing, the Stratmans sought to have the judgment entered by our opinion set aside pursuant to Indiana Trial Rule 60(B)(2)-(3).[1] The trial court granted the Stratmans' motion as it related to the issue of actual notice of the driveway easement based on newly discovered evidence, mistake, surprise, or excusable neglect. This appeal ensued.

## Discussion and Decision

Hartig contends that the trial court erred in granting the Stratmans' Motion to Set Aside Judgment because the Stratmans submitted no evidence of due diligence relative to the evidence they allege to be "newly discovered." In particular, Hartig asserts that the Stratmans undertook no discovery under the trial rules prior to summary judgment and that the Stratmans fail to even allege that the "newly discovered" evidence could not have been discovered prior to the summary judgment proceeding.

---

1. Indiana Trial Rule 60(B) in pertinent part provides:

(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered

in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

\* \* \*

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

■ Our review of a trial court's decision on a motion for relief from judgment pursuant to Trial Rule 60(B) is limited to determining whether the trial court abused its discretion. *Hill v. Ramey*, 744 N.E.2d 509, 513 (Ind.Ct.App.2001). Thus, we will reverse the judgment only if it goes against the logic and effect of the facts or the trial court has misinterpreted the law. *Id.* Further, we will not reweigh the evidence, and we give the trial court's order substantial deference. *Id.* When a new trial is sought based on newly-discovered evidence, the appellant must show, among other things, that the evidence could not have been discovered before the trial by the exercise of due diligence. *Elkhart Cmty. Sch. v. Yoder*, 696 N.E.2d 409, 415 (Ind.Ct.App.1998). A bare assertion that reasonable diligence has been used is insufficient to show due diligence; the appellant must set out facts showing due diligence has been exercised. *Id.* Moreover, a finding of due diligence does not rest upon abstract conclusions about, or assertions of, its exercise but upon a particularized showing that all the methods of discovery reasonably available to counsel were used and could not uncover the newly-found information. *Tyson v. State*, 626 N.E.2d 482, 485 (Ind.Ct.App.1993) (quoting *Lyles v. State*, 576 N.E.2d 1344, 1349 (Ind.Ct. App.1991)). While we acknowledge that newly discovered evidence warrants relief from summary judgment where it creates an issue of material fact, we are not convinced that the Stratmans exercised the requisite due diligence to justify the grant of such relief.

We have long recognized that a litigant is obliged "to search for evidence in the place where, from the nature of the controversy, it would be most likely to be found." *Yoder*, 696 N.E.2d at 415 (quoting *Chicago & E.I.R. Co. v. McKeehan*, 5 Ind.App. 124, 127, 31 N.E. 831, 832 (1892)). In *McKeehan*, we determined that the appellant was not sufficiently diligent because it failed to interview witnesses to the accident upon which the underlying lawsuit was based. *McKeehan*, 5 Ind.App. at 127, 31 N.E. at 832. We made this finding even though the witnesses later revealed that they had agreed with each other to conceal from the appellant the information they had. We supported this finding by declaring "[i]t will not do to speculate upon what these parties might have done in the event they had been consulted, but it was appellant's plain duty to have interviewed them." *Id.*

■ In the instant case, we find that the Stratmans waited too long to look in the place where the evidence they were seeking ought to be found. In its order granting the Stratmans' Motion to Set Aside Judgment the trial court posited that:

> [The] Stratmans' failure to discover this evidence earlier is excusable because the Stratmans' then attorney did inquire about the abstract and received a reply that the sale between Sean D. Holmes and Timothy Hartig was a cash sale. Since there was no mortgage company involved, there was no requirement that any title search be completed. Therefore, the attorney at that time did not question the representation that no abstract extension existed for Timothy Hartig.

Appellee's App. P. 1. While the Stratmans argue in their brief that "it was natural for [the Stratmans' attorney] to assume that there was no title work done" due to the fact that Hartig paid cash for the property, such an attitude is at odds with the concept of due diligence. Appellee's Br. P.7. Due diligence mandates that parties investigate facts rather than make assumptions about them. *See McKeehan*, 5 Ind.App. at 127, 31 N.E. at 832. Where parties neglect to follow-up with discovery, they do

so at their own peril and may not later turn to the doctrine of newly discovered evidence for relief.

The Stratmans also state in their brief that:

> [a]fter the appeal, an associate assigned to help with the case, who has ties to the real estate industry, was able to discover that while it was true that Mr. Hartig did not have an abstract, ... Hartig did receive a title insurance policy issued before he took title to the property, that fully disclosed the easement.

Appellees' Br. P.5. Additionally, the Stratmans' brief references an affidavit prepared by the Stratmans' trial attorney, William Shrode, to support the fact that the Stratmans inquired into the presence of documentation that would have alerted Hartig to the presence of the driveway easement agreement. Melvin Stratman executed an affidavit asserting similar facts. However, the Stratmans fail to show how the evidence they allege to be "newly discovered" could not have been discovered earlier by the exercise of due diligence.[2]

Thus, in light of the fact that the Stratmans did not utilize discovery methods available to them prior to the summary judgment hearing, and that they do not assert that they pursued the evidence that they allege to be "newly discovered" with due diligence within the required time frame, we find that they failed to meet their burden under Trial Rule 60(B). Accordingly, we reverse the trial court's order.[3]

Reversed.

DARDEN, J., and MATHIAS, J., concur.

---

**2.** We also note that neither the Shrode affidavit nor the Stratman affidavit maintain that the efforts to track down the documentation to support the Stratmans' claim that Hartig had actual notice of the driveway easement occurred within the required time frame. The only time frame that is given in the Shrode and Stratman affidavits is that "evidence that Timothy Hartig had knowledge of the notation of the Driveway Easement Agreement in his title insurance policy was not discovered until after the ruling on Summary Judgment in Plaintiff's favor." Appellant's App. P. 110, 114.

**3.** Moreover, we summarily note that the Stratmans' Motion to Set Aside Judgment cannot be justified on the grounds of mistake, surprise or excusable neglect because the Stratmans did not proffer any evidence or argument based on any of these grounds in its motion. Absent such evidence, a ruling based on such grounds would eviscerate the standard for newly discovered evidence.