**SEQUA COATINGS CORPORATION, Appellant–Cross–Claim Defendant,**

v.

**NORTHERN INDIANA COMMUTER TRANSPORTATION DISTRICT, Appellee–Cross–Claim Plaintiff.**

No. 64A05–0305–CV–248.

Court of Appeals of Indiana.

Dec. 18, 2003.

Transfer Denied April 14, 2004.

George T. Patton, Jr., Theresa M. Ringle, Bose McKinney & Evans, LLP, Indianapolis, IN, Michael D. Sears, Jason M. Massaro, Singleton Crist Austgen & Sears, Munster, IN, Attorneys for Appellant.

Michael C. Harris, Charles F.G. Parkinson, Harris Welsh & Lukmann, Chesterton, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BARNES, Judge.

We grant Sequa's petition for rehearing for the limited purpose of clarifying one issue, and we affirm our original opinion. Sequa argues that we should grant rehearing because it properly designated evidence in support of its response to NICTD's motion for summary judgment.[1]

---

1. The only reference to any designated evidence in Sequa's response to NICTD's motion for summary judgment comes under the heading "Statement of Material Facts" and provides: "In support of its Response in Opposition to NICTD's Motion for Summary Judgment, [Sequa], adopts the Statement of Material Facts set forth in its Memorandum of Law in Support of its Motion for Summary judgment. [Sequa] also adopts herein by ref-

Even if Sequa properly designated evidence in support of its response to NICTD's motion for summary judgment, as it asserts in its petition, and we were to construe the evidence in the light most favorable to it, it has not set forth facts showing genuine issues for trial. Sequa's response failed to establish that NICTD is not entitled to summary judgment.

■ In its response to NICTD's motion for summary judgment, Sequa enumerated eight issues precluding summary judgment. In its original appellate brief, however, Sequa only argued that four of those issues precluded summary judgment. We will not address any of the issues not originally raised on appeal. *See Strong v. Jackson*, 781 N.E.2d 770, 772 (Ind.Ct.App. 2003) ("[A]n issue not briefed or urged in the original briefs on appeal generally cannot be raised for the first time in a petition for rehearing."), *trans. denied.*

The first argument that Sequa made on appeal was that the contract is void and unenforceable because NICTD concealed facts during the negotiation process. *See Beaver v. Grand Prix Karting Ass'n*, 246 F.3d 905, 911 (7th Cir.2001) ("Misrepresentations or concealments of fact in the context of an exculpatory contract render the contract void."). Instead of establishing that NICTD concealed evidence when the parties entered into the agreement, the substance of Sequa's original argument on appeal was that it "was unaware of the possibility that somehow a Michigan Train could become trapped[.]" Appellant's Br. p. 33. Although Sequa pointed to evidence tending to establish that it was unaware of the possibility that a truck could become

trapped between the two sets of railroad tracks, even when construing this evidence most favorable to Sequa, this evidence is insufficient to create a genuine issue of material fact as to NICTD's alleged concealment or non-disclosure.

■ The excerpts of the affidavit Sequa argues was properly designated suggest that on June 18, 1998, the day of the accident, NICTD was aware of the possibility that a semi-truck could become trapped between the two sets of tracks. *See* Appellant's App. pp. 270–71. Sequa points to no evidence indicating that NICTD was aware of the possibility that a truck could become trapped at the time the parties entered into the agreement on October 17, 1995. Sequa's failure to present any evidence establishing that NICTD was aware of the potential hazard when the parties were negotiating the contract is insufficient to establish that genuine issues for trial exist. *See Hedrick v. Tabbert*, 722 N.E.2d 1269, 1271 (Ind.Ct.App.2000) ("Once the moving party has met its burden of proving that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law, the opponent must respond by setting forth specific facts showing a genuine issue for trial, and may not simply rest on the allegations contained in the pleadings.").

On appeal, Sequa next argued that the parties' unequal bargaining power and NICTD's refusal to negotiate the terms of the indemnity clause rendered the agreement unenforceable. Even when we view the evidence Sequa claims was properly designated in the light most favorable to

erence its Designation of Material in Support of the same." Appellant's App. p. 174. The designated evidence to which Sequa refers in its response to NICTD's motion for summary judgment is under the heading, "Sequa Coatings Corporation's Designation of Materials in

Support of It's [sic] *Cross–Motion for Summary Judgment." Id.* at 195 (emphasis added). Sequa's designation in support of its response to NICTD's motion for summary judgment is confusing at best.

Sequa, it has not set forth specific facts showing a genuine issue for trial. *See id.*

 As we recognized in our opinion: Indiana Trial Rule 56(E) requires that supporting and opposing affidavits be made on personal knowledge and set forth such facts as would be admissible in evidence. A statement in an affidavit in support of a motion for summary judgment that is no more than an opinion or a conclusion of law is not sufficient to establish the facts necessary to show that no genuine factual issue exists that would preclude summary judgment. *McMahan v. Snap on Tool Corp.,* 478 N.E.2d 116, 122 (Ind.Ct.App.1985). *Sequa Coatings v. N. Ind. Commuter Transp. Dist.,* 796 N.E.2d 1216, 1228 (Ind. Ct.App.2003). Sequa relied on the affidavits of its Vice President and its own attorney to support its assertion that the parties' unequal bargaining power and NICTD's refusal to negotiate the terms of the indemnity clause rendered the agreement unenforceable. As we held in our opinion, many of the statements in these affidavits are no more than opinions or conclusions that would not be admissible and are insufficient to establish a genuine issue for trial. *Id.*

With regard to any of the remaining statements, even when viewed in the light most favorable to Sequa, they are insufficient to establish genuine issues for trial because they are undisputed. For example, Sequa's Vice President stated, "if Sequa did not have the right to traverse NICTD's right-of-way Sequa would have virtually no access to its facilities located on the north side of the tracks.…" Appellant's App. p. 264. Such evidence is undisputed and creates no genuine issues for trial. *See Ramon v. Glenroy Const. Co.,* 609 N.E.2d 1123, 1132 (Ind.Ct.App.1993) ("To be considered genuine under T.R. 56,

a material issue must be established by sufficient evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial."), *trans. denied.* Given that the evidence Sequa argues was properly designated does not create any factual dispute and, as we concluded in our opinion, Sequa is not entitled to judgment as a matter of law, Sequa's response was insufficient to preclude summary judgment on this ground.

With regard to Sequa's argument in its original appellate brief that it is not liable for first party claims, Sequa did not make such an argument in its response to NICTD's motion for summary judgment. This argument was made in Sequa's motion for summary judgment, *see* Appellant's App. pp. 109–92, and we addressed it in our opinion. In its response to NICTD's motion for summary judgment, Sequa argued that there is a genuine issue as to "[w]hether the amounts paid by NICTD for the claimed personal property damage incurred by NICTD is reasonable and necessary and reasonably related to the repair and replacement of car no. 11. and related personal property." Appellant's App. p. 174. Because Sequa did not raise this issue in its original brief on appeal, we need not further address any issues relating to first party claims on rehearing.

Finally, Sequa raised several issues in its response addressing NICTD's settlement with one of the decedent's estates. However, other than raising the reasonableness of this settlement in its statement of issues precluding summary judgment, Sequa provided no analysis and pointed to no evidence explaining why genuine issues for trial existed with regard to NICTD's settlement. Instead, this issue was discussed in detail in Sequa's motion for sum-

mary judgment, which we addressed in our opinion. We need not address it further.

Sequa's petition for rehearing is granted for clarification purposes only. We affirm our original opinion.

DARDEN, J., and MAY, J., concur.