# FOR PUBLICATION



**FILED**

Aug 28 2012, 8:37 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**MICHAEL L. CARMIN**
**GREGORY A. BULLMAN**
Andrews Harrell Mann Carmin & Parker, P.C.
Bloomington, Indiana

ATTORNEYS FOR APPELLEES:

**DONN H. WRAY**
**NICHOLAS K. GAHL**
Stewart & Irwin, P.C.
Indianapolis, Indiana

**STEPHEN SCHRUMPF**
Brown Deprez & Johnson, P.A.
Shelbyville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES T. MITCHELL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1112-PL-593 |
| | ) | |
| 10TH AND THE BYPASS, LLC, and | ) | |
| ELWAY, INC., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Frances G. Hill, Judge
Cause No. 53C06-0812-PL-3285

**August 28, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

James T. Mitchell appeals from the trial court's order that vacated partial summary judgment for Mitchell and against 10th and The Bypass, LLC ("the LLC"). The LLC and Elway, Inc. ("Elway") filed a joint motion to vacate the partial summary judgment and tendered new evidence against Mitchell, and the trial court granted the motion and reinstated Mitchell as a defendant. Mitchell contends that, because the LLC and Elway did not move to alter the thirty-day time limit for the designation of evidence under Trial Rule 56(C) and partial summary judgment was entered, it was too late for the LLC and Elway to designate additional evidence. We conclude that the partial summary judgment was interlocutory under Trial Rule 56(C) and subject to revision under Trial Rule 54(B). Thus, we hold that the trial court did not abuse its discretion when it vacated its previously entered partial summary judgment.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On December 30, 2008, the LLC filed a complaint against Mitchell, Elway, J.T. Mitchell, Inc., and Sevan Corporation (collectively "the Defendants"),[1] alleging that the Defendants had caused environmental damage while operating dry cleaning businesses at a site known as 10th and The Bypass in Bloomington owned by the LLC. In relevant part, the complaint alleged that Mitchell was individually liable under the responsible corporate officer doctrine.

---

[1] While only Mitchell brings this appeal, all of the Defendants are parties on appeal pursuant to Indiana Appellate Rule 17(A).

On June 30, 2009, Mitchell filed a motion for partial summary judgment, alleging that there was no genuine issue of material fact with respect to his individual liability. On September 3, the LLC filed its cross-motion for partial summary judgment on that question. Mitchell and the LLC each filed replies and, on September 30, the trial court held a hearing on the competing motions. On January 11, 2010, the trial court entered an order granting Mitchell's motion for partial summary judgment and denying the LLC's cross-motion (the "January Order"). In the January Order the trial court did not direct the entry of a final judgment for Mitchell as provided in Indiana Trial Rule 54(B).

Seventeen months later, on June 3, 2011, the LLC and Elway (hereinafter collectively referred to as "the LLC") filed a joint motion to vacate the partial summary judgment granted to Mitchell in the January Order ("the Motion to Vacate"). With the Motion to Vacate, the LLC tendered a written statement taken January 26, 2011, from Susan Johnson, a former employee of Mitchell's corporation, and the transcript of Johnson's deposition, taken March 22, 2011. The trial court summarized Johnson's statement and deposition as follows:

> Ms. Johnson was an employee of J.T. Mitchell, Inc. during the timeframe in which J.T. Mitchell, Inc. operated a dry cleaning facility at the Site; on one occasion, she received a call from James Mitchell stating that he had accidentally left a valve open on the back of a dry cleaning machine that was attached to a 50 gallon perc drum, resulting in a perc spill. Ms. Johnson came to the dry cleaners, where Defendant Mitchell instructed her to mop up the spill and to put a fan on the spill spot so that it would evaporate. Ms. Johnson states that Defendant Mitchell never used an "environmental company" to assist with the spill, and that the manner of clean-up did not comport with environmental regulations. She further states that she sustained certain health problems as a result of her clean-up of the perc spill, and that Defendant Mitchell personally paid for her medical expenses. She also discusses other spills that occurred at other J.T. Mitchell, Inc. locations.

3

Appellant's App. at 15. Mitchell responded that the Motion to Vacate should be denied because it sought to designate evidence on summary judgment well after the thirty-day time limit contained in Indiana Trial Rule 56(C). Mitchell also argued that the Motion to Vacate should be denied under Indiana Trial Rule 60(B). The trial court concluded that Trial Rule 60(B) applies only to final judgments and, relying on Trial Rule 54(B), vacated the January Order and reinstated Mitchell as a defendant ("the Order to Vacate").

Thereafter, Mitchell requested the trial court to certify the Order to Vacate for interlocutory appeal, which the trial court did. We accepted jurisdiction in February 2012. The trial court entered a stay of the proceedings pending appeal.

## DISCUSSION AND DECISION

This appeal requires that we consider the relationship between Trial Rule 54(B) and Trial Rule 56(C) when new evidence is submitted to the trial court following entry of partial summary judgment. Our standard of review from Trial Rule 54(B) decisions is an abuse of discretion, see Legg v. O'Connor, 557 N.E.2d 675, 676 (Ind. Ct. App. 1990), but our standard of review in appeals from a judgment under Trial Rule 56(C) is de novo, see Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009). Accordingly, we must determine which rule controls the outcome in this appeal.[2]

Mitchell contends that the designation of new evidence together with the Motion to Vacate, seventeen months after the trial court entered partial summary judgment in Mitchell's favor, violates Trial Rule 56(C). That Rule provides as follows:

---

[2] The parties also dispute whether the due diligence and newly discovered evidence provisions of Trial Rule 60 apply. But, as discussed below, we agree with the trial court that Trial Rule 60 applies only to final judgments.

4

> The motion [for summary judgment] and any supporting affidavits shall be served in accordance with the provisions of Rule 5. <u>An adverse party shall have thirty (30) days after service of the motion to serve a response</u> and any opposing affidavits. The court may conduct a hearing on the motion. However, upon motion of any party made no later than ten (10) days after the response was filed or was due, the court shall conduct a hearing on the motion which shall be held not less than ten (10) days after the time for filing the response. <u>At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies</u> for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto. The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment may be rendered upon less than all the issues or claims, including without limitation the issue of liability or damages alone although there is a genuine issue as to damages or liability as the case may be. <u>A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is no just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties.</u> The court shall designate the issues or claims upon which it finds no genuine issue as to any material facts. Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the evidentiary matter designated to the court.

Ind. Trial Rule 56(C) (emphases added).

According to Mitchell, the thirty-day time limit for a party responding to a motion for summary judgment to designate its evidence is "a hard and fast rule that trial courts must enforce." Appellant's Br. at 7. In support of that contention, Mitchell relies on our supreme court's decision in <u>HomEq Servicing Corp. v. Baker</u>, 883 N.E.2d 95 (Ind. 2008). In <u>HomEq</u>, our supreme court affirmed the trial court's refusal to consider designated evidence more than thirty days after the entry of final judgment. 883 N.E.2d at 98-99. Indeed, it is well settled that a party must request an extension of time to designate

5

evidence before the thirty days allowed by Trial Rule 56(C) has expired. See <u>Desai v.</u> <u>Croy</u>, 805 N.E.2d 844, 849 (Ind. Ct. App. 2004), <u>trans. denied</u>; <u>see also</u> <u>City of Elkhart v.</u> <u>SFS, LLC</u>, 968 N.E.2d 812, 816 (Ind. Ct. App. 2012) ("a trial court may not consider the untimely designation of evidence"); <u>Borsuk v. Town of St. John</u>, 820 N.E.2d 118, 123 n.5 (Ind. 2005) (approving of <u>Desai</u>). Mitchell contends, in effect, that the LLC's Motion to Vacate is an impermissible attempt to circumvent the Trial Rule 56(C) requirement that an adverse party respond to a motion for summary judgment or request an extension of time within which to file a response within the thirty days allowed under the Rule. <u>See</u> <u>City of Elkhart</u>, 968 N.E.2d at 816.

But the time limitation on the designation of evidence under Trial Rule 56(C) does not end our inquiry. Rule 56(C) also provides that a summary judgment with respect to fewer than all the parties "shall be interlocutory unless the court in writing expressly determines there is no just reason for delay and . . . directs entry of judgment . . . ." T.R. 56(C). Here the trial court entered partial summary judgment only for Mitchell and for no other party. The trial court did not direct the entry of final judgment for Mitchell. And <u>HomEq</u>, which enforced the thirty-day time limit for filing an affidavit in opposition to summary judgment, was an appeal from a final judgment and is, therefore, inapposite.[3]

Rather, as the trial court correctly determined, the Motion to Vacate is controlled by Trial Rule 54(B). That rule provides:

> When more than one (1) claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when

---

[3] In his reply brief, Mitchell for the first time relies on this court's recent opinion in <u>DeLage</u> <u>Landen Financial Services, Inc. v. Community Mental Health Center, Inc.</u>, 965 N.E.2d 693 (Ind. Ct. App. 2012), <u>trans. denied</u>. <u>DeLage</u> follows <u>HomEq</u>, and nothing in <u>DeLage</u> discusses Trial Rule 54(B). Thus, for the same reasons <u>HomEq</u> is inapposite, so is <u>DeLage</u>.

6

multiple parties are involved, <u>the court may direct the entry of a final judgment</u> as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. <u>In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.</u> A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

T.R. 54(B) (emphases added). Applying the plain meaning of Rule 54(B), the entry of partial summary judgment here did not terminate the action as to Mitchell, and the January Order was "subject to revision at any time before the entry" of final judgment. <u>Id.</u>; <u>see also</u> <u>Berry v. Huffman</u>, 643 N.E.2d 327 (Ind. 1994).

Still, Mitchell contends, without citation to authority, that Rule 54(B)'s "subject to revision" term allows only for technical changes and not for the consideration of newly tendered evidence. Appellant's Br. at 8. But that interpretation would preclude the trial court from making a material modification to an interlocutory order, which remains <u>in fieri</u> with the trial court until the entry of final judgment. This provision in Trial Rule 54(B) is clear and unambiguous. The term "revision" as used in the Rule is unqualified. The plain meaning of that term as used in the rule is that, at any time before the entry of final judgment, a trial court may reconsider and, where appropriate, revise its interlocutory order. Thus, it is clear that under Trial Rule 54(B) a trial court has the

7

authority to reconsider and revise its partial summary judgment based on newly discovered evidence.

Even if the Motion to Vacate were considered a repetitive motion for summary judgment, we have held that a trial court may entertain repetitive motions for summary judgment so long as the previous ruling remains in fieri. Specifically, we have stated that

> the trial court has inherent power to reconsider any of its previous rulings so long as the action remains in fieri, or until judgment is entered. There is no dispute that this action was in fieri at the time the [repetitive] motions for summary judgment were filed. Thus, the trial judge had discretion to rule on the defendants' summary judgment motions, even if they were repetitive and the five day period referred to in T.R. 53.4(B) had expired.

Gibson v. Evansville Vanderburgh Bldg. Comm'n, 725 N.E.2d 949, 952 (Ind. Ct. App. 2000) (citation omitted), trans. denied. Given that a trial court has inherent power to reconsider a previous ruling, and to consider a repetitive motion for summary judgment, so long as the previous ruling is in fieri, it follows that the court may reconsider a previous ruling when presented with newly discovered evidence, provided that the previous ruling was not entered as a final judgment.

Our reading of Rules 54(B) and 56(C) is consistent with how the federal courts have interpreted the corresponding federal rules. As the United States Court of Appeals for the Second Circuit succinctly stated with respect to a partial summary judgment order under Federal Rule of Civil Procedure 56(c):

> Under the express terms of Rule 54(b) itself, such an interlocutory judgment is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." See John Simmons Co. v. Grier Brothers Co., 258 U.S. 82, 88, 42 S. Ct. 196, 66 L. Ed. 475 (1922); United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970); Bon Air Hotel, Inc. v. Time, Inc., 426 F.2d 858, 862 (5th Cir. 1970); C. Wright and A. Miller, Federal Practice &

8

> Procedure, Civil s 2737, text at notes 92-99. Whether such revision is appropriate in any given case is within the sound discretion of the trial judge.

Acha v. Beame, 570 F.2d 57, 63 (2d Cir. 1978); see also Doctor John's, Inc. v. City of Sioux City, 438 F. Supp. 2d 1005, 1026-27 (N.D. Iowa 2006); Hydranautics v. Filmtec Corp., 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003); Cont'l Cas. Co. v. Great Am. Ins. Co., 732 F. Supp. 929, 931-32 (N.D. Ill. 1990). Federal authority interpreting the Federal Rules of Civil Procedure is not binding on this court but is persuasive authority. See Stonger v. Sorrell, 776 N.E.2d 353, 355-57 (Ind. 2002).

Mitchell also contends that "to the extent that Trial Rule 60(B) applies to this case" the LLC's Motion to Vacate fails the due diligence requirement for relief from judgment under that rule. Appellant's Br. at 13. Hence, Mitchell concludes that the LLC's "belatedly-designated evidence" from Johnson may not be considered. Id. Mitchell makes a credible argument that the LLC was not sufficiently diligent, that the LLC had identified Johnson as a potentially significant witness well before the Order to Vacate was entered, and that the LLC could have either located her before the summary judgment hearing or requested an extension of time in order to locate her as provided under Trial Rule 56(I). We agree that, under Trial Rule 60(B)(2), a particularized showing of due diligence is required. See Hartig v. Stratman, 760 N.E.2d 668, 671 (Ind. Ct. App. 2002), trans. denied. If the due diligence requirement of Trial Rule 60(B)(2) applied here, we might hold that the LLC failed to exercise due diligence in locating Johnson, especially if, as Mitchell contends, Johnson was at all relevant times living and working in Bloomington in the dry cleaning business and that Mitchell knew where

9

Johnson could be found but the LLC never bothered to ask him. These contentions, if true, would support a conclusion that the LLC was not diligent in its effort to locate Johnson before partial summary judgment was entered.

But Trial Rule 60(B) does not apply here. In Allstate Insurance Co. v. Fields, 842 N.E.2d 804, 806 (Ind. 2006), our supreme court stated that Trial Rule 60(B) "authorizes a motion for relief only from final, not interlocutory, orders." Mitchell asserts that Allstate is not controlling because Rule 60(B) was amended in 2008 to replace the term "final judgment" with the term "judgment."[4] Appellant's Br. at 13. We are not persuaded that our supreme court meant for this 2008 amendment to overrule its recent 2006 holding in Allstate that Trial Rule 60 applies only to final judgments. The trial rules "are to be construed together and harmoniously if possible." Carter-McMahon v. McMahon, 815 N.E.2d 170, 175 (Ind. Ct. App. 2004). Mitchell's interpretation would, in effect, add a due diligence requirement to the subject-to-revision provision applicable to interlocutory orders under Trial Rule 54(B), a requirement which is simply not there. While diligence is a factor to be considered in determining whether to grant relief from an interlocutory order under Trial Rule 54(B), it may not be the controlling factor if outweighed by other relevant considerations.

---

[4] Prior to the amendment, the Rule provided that, "[o]n motion and upon such terms as are just[,] the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons . . . ." Allstate, 842 N.E.2d at 807 (quoting T.R. 60(B) (2006)) (emphasis added). The 2008 amendment, which became effective on January 1, 2009, replaced the emphasized language with the simple article "a," so that the rule now reads that, "[o]n motion and upon such terms as are just[,] the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons . . . ." T.R. 60(B) (2009) (emphasis added).

Neither are we persuaded by Mitchell's assertion that "Indiana courts have applied Rule 60(B) to partial summary judgments on multiple occasions in the past." Appellant's Br. at 13. Mitchell cites Hartig, 760 N.E.2d at 668, where the trial court granted relief from the partial summary judgment that this court had granted in the first Hartig appeal, see Hartig v. Stratman, 729 N.E.2d 237 (Ind. Ct. App. 2000), based on newly discovered evidence.[5] Our opinion in the first Hartig appeal begins with the declaration that "[t]his case comes to us on interlocutory appeal," id. at 238, but there is no such or similar statement in the second Hartig opinion, 760 N.E.2d 668. Rather, our second Hartig opinion describes only the first appeal as an interlocutory appeal. 670 N.E.2d at 670. And it is clear from the second Hartig opinion, which relied entirely on Trial Rule 60(B), that the parties, the trial court, and this court considered the judgment entered by our opinion in the first Hartig appeal a final judgment. See Ind. Appellate Rule 66(C)(6) (the Court of Appeals may, in whole or in part, order entry of Final Judgment) (emphasis added). Thus, in the second Hartig opinion, Trial Rule 60(B) was applied to a final judgment while here, in contrast, the January Order remains interlocutory and in fieri with the trial court. As such, Hartig is inapposite.

Mitchell also relies on Sequa Coatings Corp. v. Northern Indiana Commuter Transportation District, 796 N.E.2d 1216 (Ind. Ct. App. 2003), clarified on other grounds on reh'g, 800 N.E.2d 926, trans. denied, in support of his assertion that reconsideration of a partial summary judgment is not permissible under Trial Rule 54(B). In Sequa, the

---

[5] Mitchell also cites Sequa Coatings Corp. v. Northern Indiana Commuter Transportation District, 796 N.E.2d 1216 (Ind. Ct. App. 2003), clarified on other grounds on reh'g, 800 N.E.2d 926, trans. denied, to support his contention that courts have applied Rule 60(B) to appeals from partial summary judgment. As discussed below, Sequa was not an appeal from an in fieri order and, therefore, does not support Mitchell's contention.

parties filed their respective motions for summary judgment and designated evidence and, on February 7, 2003, the trial court entered partial summary judgment for the Northern Indiana Commuter Transportation District ("NICTD"). One month later, Sequa filed a motion to reconsider and a renewed motion for summary judgment along with newly designated evidence. The trial court denied Sequa's request as duplicative.

On appeal, we held as follows:

> Upon close review of Sequa's motion for reconsideration and renewed motion for summary judgment, we also conclude that consideration of its newly designated evidence would be inappropriate given the facts of this case. First, Sequa's motion raises no new issues and restates many of the issues raised in opposition to NICTD's motion for summary judgment and its cross motion for summary judgment. Second, the designated evidence was not newly discovered evidence and was not otherwise unavailable prior to the trial court's February 7, 2003[,] order. Third, Sequa filed its motion on March 10, 2003, and the trial court ruled on it following a status conference on April 4, 2003, at which the trial court indicated that it was unnecessary for NICTD to respond to Sequa's motion. Thus, NICTD was not given the proper opportunity to respond to the motion.
>
> Moreover, we find no merit to Sequa's claim that it was entitled to file newly designated evidence because the parties' motions were partial motions for summary judgment. Although the issues may not have been final for appeal purposes, the trial court's February 7, 2003[,] order completely disposed of the parties' indemnity issues. Further, we remain unconvinced that Sequa should have been able to correct the trial court's "mistaken impressions" with newly designated evidence that was discoverable and could have been made available to the trial court before it issued its order. Thus, we will not consider Sequa's newly designated evidence on appeal because to do so would essentially give Sequa a second bite at the apple.

Id. at 1221-22.

Mitchell cites Sequa to support his contention that the LLC cannot use Trial Rule 54(B) "as a back door method to designate evidence" after the time allowed. Appellant's Br. At 12. But Sequa does not stand for the proposition that Rule 54(B) prohibits a trial

12

court from reconsidering an interlocutory motion for partial summary judgment. Indeed, Sequa does not discuss Rule 54(B), let alone preclude reconsideration of a partial summary judgment under that rule. While the trial court's original order in Sequa was interlocutory, the court declined to reconsider Sequa's newly discovered evidence and denied Sequa's motion to reconsider and its renewed motion for summary judgment. The trial court then made its order on the parties' summary judgment motions a "final appealable order." Sequa, 796 N.E.2d at 1221. On appeal this court reviewed the trial court's decision not to reconsider its partial summary judgment under Trial Rule 60(B), not under Trial Rule 54(B). Thus, Sequa is also inapposite.

Mitchell characterizes the issue on appeal as a "procedural dispute." Appellant's Br. at 4. At first blush it appears that Trial Rules 56(C) and 54(B) are at odds. But, on the facts presented in this case, we conclude that those rules actually complement each other. See Carter-McMahon, 815 N.E.2d at 175. Trial Rule 56(C) declares that a partial summary judgment with respect to less than all the parties is interlocutory. And the text in both rules requires an express determination that there is no just reason for delay and an express direction for entry of judgment to convert a partial summary judgment to a final judgment. This is not an interlocutory appeal from the trial court's January Order under Trial Rule 56(C), which we would review de novo. This is an interlocutory appeal from the trial court's Order to Vacate and revise its January Order. As such, Trial Rule 54(B) controls the disposition of this case, and we review the trial court's Rule 54(B) decision for an abuse of discretion. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, or if

13

the court has misinterpreted the law.[6]  See Legg, 557 N.E.2d at 676.

Applying this standard, we conclude that the trial court did not abuse its discretion when it entered the Order to Vacate.  The trial court weighed various factors before vacating its previous order and said:

> The designated Statement and Deposition of Ms. Johnson demonstrate facts extremely relevant to the responsible corporate officer doctrine and whether there is a genuine issue of material fact that Defendant Mitchell was directly involved in the environmental spill at issue in this case.  The evidence directly refutes the conclusions of the [January Order] on summary judgment . . . .
>
> The Court has considered the latitude of T.R. 54(B), the important nature of the newly designated evidence, the existent (but not overwhelming) efforts of [the LLC] to locate the evidence prior to the hearing on summary judgment, and the factors relevant to newly discovered evidence in the specific procedural context of this case.  The Court has considered the potential prejudice that granting the Joint Motion to Vacate may cause Defendant Mitchell.  Weighing all the factors, the Court concludes that the Joint Motion to Vacate should be granted. . . .

Id. at 18-19.  Thus, the trial court noted specifically that Johnson's statement and deposition "demonstrate facts extremely relevant to the responsible corporate officer doctrine and whether there is a genuine issue of material fact."  Id.  The court considered Johnson's statement and deposition together with "the latitude of T.R. 54(B), [and] the important nature of the newly designated evidence."  Id.  Indeed, this new evidence challenged the accuracy, if not the truthfulness, of Mitchell's affidavit.  The January Order relied on Mitchell's affidavit, in which he stated, among other things, that "I never

---

[6] We cannot agree with Mitchell that the trial court erred when it referred to this court's opinion in Liggett v. State, 851 N.E.2d 968 (Ind. Ct. App. 2006).  Our supreme court granted a petition to transfer jurisdiction in that case, vacating this court's opinion as precedent, and reversed this court's disposition.  See Ind. Appellate Rule 58(A); Liggett v. State, 877 N.E.2d 178 (Ind. 2007).  But here the trial court did not "rely" on Liggett as authority.  Instead, the trial court found "limited guidance" in that opinion's reasoning, and that reasoning was not the basis for the supreme court's reversal of that opinion.

14

dumped nor was I at any time involved in any capacity in the dumping of[,] chemical waste on Plaintiff's real estate. Id. at 40. The trial court found that the new evidence "directly refutes the conclusions of the [January Order]" on the question of Mitchell's personal liability. Given our standard of review, the fundamental distinction between an interlocutory order and a final judgment, and the trial court's reasoning, we cannot say that the court's Order to Vacate was an abuse of discretion.

In sum, in this case the trial court entered two correct judgments. When the court entered the January Order, the designated evidence did not demonstrate a genuine issue of material fact as to Mitchell's liability, and the court properly granted partial summary judgment for him as a matter of law. But because the judgment was and remained interlocutory, after the LLC tendered new evidence that established a genuine issue of material fact on the question of Mitchell's personal liability, the trial court properly exercised its discretion to vacate the January Order and reinstate Mitchell as a defendant. The Order to Vacate was neither against the logic and effect of the facts and circumstances before the court nor contrary to law. Thus, we hold that the court's Order to Vacate was not reversible error.

Affirmed.

RILEY, J., and BARNES, J., concur.