**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Dec 30 2014, 8:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BENJAMIN LOHEIDE**
Law Office of Benjamin Loheide
Columbus, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| DARREN RAYFORD, | ) | |
| Appellant-Defendant, | ) | |
| vs. | ) | No. 03A01-1405-CR-190 |
| STATE OF INDIANA, | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable James D. Worton, Judge
Cause No. 03D01-1308-FB-4484

**December 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Darren Rayford was convicted of Escape[1] and two counts of Battery.[2] A portion of his sentence was suspended to probation. Rayford's probation was subsequently revoked due to marijuana use, but a portion of his sentence was ordered executed on work release. Rayford's work release was subsequently revoked after he tested positive for the use of Suboxone, a Schedule III narcotic drug.[3] He now appeals the denial of a motion to correct error that challenged the revocation of his work release placement.

We affirm.

**Issue**

Rayford presents one issue for our review: whether the trial court abused its discretion when it denied his motion to correct error, which challenged the trial court's order revoking his work release placement on the basis of purported newly discovered evidence.

**Facts and Procedural History**

On May 24, 2011, Rayford pled guilty to Escape, as a Class B felony, and two counts of Battery, as Class D felonies. The trial court sentenced Rayford to an aggregate term of imprisonment of 14 ½ years, with five years of the sentence suspended to probation.

---

[1] Ind. Code § 35-44-3-5(a) (2009); this statute was subsequently recodified at I.C. § 35-44.1-3-4.

[2] I.C. § 35-42-2-1(a)(2)(A) (2009).

[3] Suboxone is the trade name of the compound buprenorphine. See I.C. § 35-48-2-8(e)(9).

2

On January 31, 2013, Rayford was placed on probation. On August 13, 2013, the State alleged that Rayford had violated the terms of his probation.

On October 14, 2013, upon Rayford's admission, the trial court ordered Rayford's probation revoked. Rayford was ordered to serve the remainder of his suspended sentence under the supervision of Bartholomew County Community Corrections, with at least 150 days of this time to be served as work release.

On December 1, 2013, after having gone to work at his place of employment, Rayford returned to the work release facility and was subjected to an oral swab test for drugs. Rayford tested positive for the use of Suboxone, a Schedule III narcotic drug.

On December 12, 2013, the State filed a second petition to revoke Rayford's probation. In its second petition, the State alleged that on December 1, 2013, Rayford violated the terms of his work release by using Suboxone.

On February 19, 2014, after a contested hearing, the court revoked Rayford's work release and placement in community corrections, and ordered him to serve the remainder of his sentence as executed time in the Department of Correction.

On March 5, 2014, Rayford filed a motion to correct error which challenged the order revoking his work release and community corrections placements. Rayford's motion alleged that on December 1, 2013, his supervisor at his place of employment had transported him back to the work release facility and that the two kissed in his supervisor's vehicle. Rayford alleged in his motion, and averred in a supporting affidavit, that his supervisor had used a sublingual film containing Suboxone prior to kissing Rayford, that

during the kiss the two had transferred saliva, and that he tested positive for Suboxone use as a result of the transfer of his supervisor's saliva to his mouth. Rayford further averred that he did not know and had no reason to know of his supervisor's use of Suboxone until after the February 19, 2014 hearing that resulted in the revocation of his placement in community corrections.

Rayford's motion to correct error was not ruled upon, and was thus deemed denied. This appeal ensued.

**Discussion and Decision**

Rayford appeals the denial of his motion to correct error, which challenged the trial court's order revoking his community corrections placement and requiring that he serve the remainder of his sentence as executed time.

We review for abuse of discretion a trial court's order denying a motion to correct error on the basis of newly discovered evidence. Martinez v. State, 917 N.E.2d 1242, 1247 (Ind. Ct. App. 2009), trans. denied. We give the trial court's decision substantial deference and reverse only if the trial court's judgment is contrary to the logic and effect of the facts, or if the court has erred on a matter of law. Id.

When a party moves for a new trial based upon claimed newly discovered evidence, the following legal standard applies:

> In order to obtain relief because of newly discovered evidence, the defendant must show that (1) the evidence has been discovered since the trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover

4

it in time for trial; (7) the evidence is worthy of credit; (8) it can be produced on a retrial of the case; and (9) it will probably produce a different result.

Webster v. State, 699 N.E.2d 266, 269 (Ind. 1998). A party seeking a new trial on the basis of newly discovered evidence must bear the burden of showing that all nine elements of the test are met. Id.

Among the nine factors above is the requirement that "due diligence was used to discover…in time for trial" the proffered newly discovered evidence. Id. A bare assertion that due diligence was undertaken is insufficient; rather, "the appellant must set out facts showing due diligence has been exercised." Hartig v. Stratman, 760 N.E.2d 668, 671 (Ind. Ct. App. 2002), trans. denied. Establishing the exercise of due diligence requires making "a particularized showing that all the methods of discovery reasonably available to counsel were used and could not uncover the newly-found information." Id. "Motions for a new trial based on newly discovered evidence are subject to a 'hostile inference of want of [due diligence] in absence of a clear showing to the contrary.'" Tyson v. State, 626 N.E.2d 482, 485 (Ind. Ct. App. 1993).

Rayford's motion to correct error and accompanying affidavit failed to meet this standard. While the documents indicate that Rayford did not know of his supervisor's Suboxone use, they do not aver to any efforts to obtain any evidence before the work release revocation hearing on February 19, 2014—let alone efforts to obtain such information directly from the supervisor. Nor, we note, did any evidence presented in the

5

affidavits tend to establish that the oral exchange of saliva discussed in Rayford's motion and affidavit could result in positive oral swab tests for Suboxone.

We accordingly conclude that the trial court did not abuse its discretion when it denied Rayford's motion to correct error on the basis of newly discovered evidence.

Affirmed.

ROBB, J., and BROWN, J., concur.